■ In the Matter of HERMINA FORMAN et al., Doing Business as HALSEY WINE & LIQUOR STORE, Respondents, v. NEW YORK STATE LIQUOR AUTHORITY, Appellant, and MORRIS M. SCHECTER et al., Respondents.— In a proceeding (a) to annul a determination of the State Liquor Authority approving a package-store liquor license application of the individual respondents, and (b) to enjoin the issuance of such license, the Authority appeals, by permission of the Supreme Court, Kings County, and is limited by its brief, from so much of an order of said court entered October 13, 1965, upon reargument, as adhered to the court's original determination to remit the matter to the Authority for further proceedings. Order, insofar as appealed from, reversed on the law, without costs, and petition dismissed, without costs (*Matter of Hub Wine & Liq. Co.* v. *State Liq. Auth.*, 16 N Y 2d 112; see, also, *Matter of Greene* v. *New York State Liq. Auth.*, N. Y. L. J., June 10, 1965, p. 19, col. 4). No questions of fact have been considered. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ EVA KAPLAN, Respondent, v. LEO KAPLAN, Appellant.— In an action for a separation, the defendant husband appeals from an order of the Supreme Court, Kings County, entered November 12, 1965, which awarded plaintiff $100 a week temporary alimony and a $750 counsel fee. Order modified by striking out its decretal paragraphs and by substituting therefor provisions to the effect that plaintiff's motion for temporary alimony and a counsel fee is referred to the trial court for its determination upon the basis of such proof as may be adduced upon the trial. As so modified, order affirmed, without costs. Before a wife may be granted alimony *pendente lite* and counsel fees there must be, *inter alia*, proof that she is unable to support herself from her own funds while the action is pending and that there is a reasonable probability of her success (*Schoonheim* v. *Schoonheim*, 21 A D 2d 812; *Weinberg* v. *Weinberg*, 23 A D 2d 569; *Margel* v. *Margel*, 22 A D 2d 919). Whatever may be said of plaintiff's chances of success, in the light of her poorly corroborated claims and defendant's version of the facts, in our opinion the record before us fails to show that she has any need for the present award of alimony *pendente lite* or counsel fees to enable her to carry on the action. The sole issue of the marriage is a daughter of age, living away from home and provided for. Concededly, plaintiff is regularly employed, at a take-home pay of $64 a week, and has over $16,800 in savings banks derived, apparently, from defendant's earnings. The action should proceed to trial promptly. If warranted by the proof, the trial court may make an appropriate allowance *nunc pro tunc* as of the return day of the original motion for alimony *pendente lite* (*Margel* v. *Margel*, *supra*). The decision upon this appeal is without prejudice to any such determination. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.